UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

ALEXANDER STROSS,
Plaintiff

v.

PREMIUM SOURCE INC.
Defendant

Docket No. 1-19-cv-2496

# MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(5) OR TO QUASH SERVICE

Undersigned counsel appears on Defendant Premium Source Inc.'s behalf for the limited purpose of filing this Motion. This motion is not intended to constitute a general appearance in this matter. Undersigned counsel is not authorized to accept service on Defendant's behalf and Defendant does not waive the service requirements as provided under the Federal Rules of Civil Procedure.

This motion is made to address Plaintiff's failure to properly serve Defendant. Plaintiff has provided an affidavit of service indicating that "Clerk" Maddie Davies was handed various documents including the complaint and summons on September 16, 2019. Maddie Davies is not a proper individual for service under Rule 4 of the Federal Rules of Civil Procedure. Plaintiff has not evidenced proper service, and Defendant requests that this case be dismissed or alternatively that the affidavit of service for September 16, 2019 be quashed.

## Statement Regarding Conferral

Pursuant to D.C.COLO.LCivR 7.1(b)(2) this Motion is exempt from conferral requirements as it is a Motion under Fed. R. Civ. P. 12.

Legal Standard

A case may be dismissed pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. *See Jenkins v. City of Topeka*, 136 F.3d 1274, 1275 (10th Cir. 1998) ("[e]ffectuation of service is a precondition to suit"); *see also Mayers v. Pfizer, Inc.*, No. 13-cv-01508-WJM-CBS, 2014 WL 1598723, at *2 (D. Colo. April 21, 2014) ("Rule 12(b)(5) motion challenges the mode of delivery or the lack of delivery of the summons and complaint."). Service of process under Rule 4 of the Federal Rules of Civil Procedure "provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served." *Okla. Radio Assocs. v. FDIC*, 969 F.2d 940, 943 (10th Cir. 1992). "[P]laintiff bears the burden of making a prima facie case that [he or she] has satisfied statutory and due process requirements so as to permit the court to exercise personal jurisdiction over the defendant." *Allen v. United Properties & Const.*, No. 07-cv-00214-LTB-CBS, 2008 WL 4080035, at *9 (D. Colo. Sept. 3, 2008) (citation omitted).

While a case may be dismissed for improper service, the court may also "quash the process without dismissing the action and give the plaintiff an opportunity to re-serve the defendant." *Savard v. JP Morgan Chase Bank, N.A.*, No. 09-cv-2108-WDM-MJW, 2010 WL2802543, at *2 (D. Colo. July 14, 2010) (citation omitted). The Court has broad discretion to quash defective service and retain the case, especially where the Court may reasonably conclude that the plaintiff will ultimately be able to serve the defendant properly. *See Barksdale v. Connaghan*, No. 10-cv-02941, 2011 WL 3664382, at *3 (D. Colo. July 28, 2011).

Analysis

Rule 4 of the Federal Rules of Civil Procedure requires that a corporate defendant served in the United States be served one of two ways, (1) "in the manner prescribed by Rule 4(e)(1) for

2

serving an individual," or (2) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(h). It is the Plaintiff's burden to establish a prima facie case of compliance with Rule 4(h).

Plaintiff has not yet filed an affidavit of service with the Court. Plaintiff's counsel first provided a copy of an affidavit of service referenced in this motion to undersigned counsel by request on October 8, 2019 at approximately 6:15 p.m. MST.

The affidavit alleges that on September 16, 2019 the complaint, summons, civil cover sheet, and exhibits were handed to Maddie Davies by Andrew Scott. The affidavit has a check box format. The process server checked the box stating that documents were served, "By leaving the documents with MADDIE DAVIES, who as CLERK (title) is authorized by appointment or by law to receive service of process for the Defendant/Respondent." The affidavit does not identify where Maddie Davies works. Based on the details included in the September 16, 2019 affidavit, Plaintiff has not established that proper service was made pursuant to Rule 4 of the Federal Rules of Civil Procedure.

Madeleine Davies is a Senior Account Executive for Rooster Magazine. Ex. B, Davies Aff. Rooster Magazine is a d/b/a for Premium Source Inc. Ms. Davies' job is to sell ads and manage advertisers working with Rooster Magazine. Ex. A. Ms. Davies is not an "officer, a managing or general agent, or any other agent authorized by appointment or law" to accept service for Premium Source Inc. Ex. B. The registered agent for Premium Source Inc., as listed on the Colorado Secretary of State's website, is Simon Berger. Ex. B. Failure to have properly served Mr. Berger evidences insufficient service. *See Li Cheng v. Sushi Aji, Inc.*, 2017 BL 378915, 3 (D. Colo. Oct. 23, 2017) (finding that failure to serve the corporate defendant's registered agent was "strong

evidence that service of process on the corporate Defendant was not sufficient."). Accordingly, as Plaintiff has not evidenced proper service, this matter should be either dismissed pursuant to Fed. R. Civ. P. 12(b)(5) or the affidavit of service should be quashed, and Plaintiff instructed to properly serve defendant.

<u>Conclusion</u>

For the foregoing reasons, Plaintiff has failed to evidence proper service on Defendant Premium Source in accordance with Fed. R. Civ. P. Rule 4(h). Accordingly, Defendant requests that this case either be dismissed pursuant to Fed. R. Civ. P. Rule 12 (b)(5) or that the September 16, 2019 affidavit of service be quashed, and Plaintiff be instructed to properly serve Defendant Premium Source.

Dated this 14th of October 2019

RESPECTFULLY SUBMITTED BY:

HOWARD O. BERNSTEIN, P.C.

*s/ Elise M. Aiken, Esq.*
Howard O. Bernstein, Atty. No. 24476
Amber J. Reed, Atty. No. 39265
Elise M. Aiken, Atty. No. 43831
1111 Pearl Street, Ste. 203
Boulder, Colorado 80302
Telephone: (303) 494-3321
Howard@bernsteinattorney.com
Amber@bernsteinattorney.com
Elise@bernsteinattorney.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that as attorney Richard Liebowitz has been administratively removed from the court's attorney rule and therefore it is not clear whether he can be served electronically, a copy of the foregoing **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(5) OR TO QUASH SERVICE** was sent via U.S.P.S. First Class Mail to the following on this 14th day of October 2019:

Attorney for Plaintiff:

Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580

/s/ Elise M. Aiken, Esq.
Howard O. Bernstein, Atty. No. 24476
Amber J. Reed, Atty. No. 39265
Elise M. Aiken, Atty. No. 43831
1111 Pearl Street, Suite 203
Boulder, Colorado 80302
Tel: 303-494-3321
Fax: 303-544-5955
e-mail:  Howard@bernsteinattorney.com
         Amber@bernsteinattorney.com
         Elise@bernsteinattorney.com