IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02496-STV

ALEXANDER STROSS, an individual,

      Plaintiff,

v.

PREMIUM SOURCE INC., a Colorado corporation

      Defendants.

---

**DEFENDANT PREMIUM SOURCE INC.'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

### I. Introduction

COMES NOW Defendant, Premium Source, and moves to dismiss the Complaint as the claim for relief for copyright infringement is barred by the statute of limitations and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).

### II. Statement Regarding Conferral

Pursuant to D.C.COLO.LCivR 7.1(b)(2), this Motion is exempt from conferral requirements as it is a motion under Fed. R. Civ. P. 12.

### III. Legal Standard

To survive a motion to dismiss, a plaintiff must allege more than the mere elements of a claim. A pleading offering merely "labels and conclusions' or 'a formulaic recitation of the

1

elements of a cause of action will not do.'" *Ashcroft v. Iqubal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a plaintiff must plead "sufficient factual matter…that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating the sufficiency of a complaint, the Court first must disregard legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Then, the Court should review the well-pleaded facts of the complaint and determine whether the complaint states a plausible claim for relief or merely the possibility of misconduct. *Id.* at 679.

## IV.   Facts and Argument

Plaintiff alleges that Premium Source committed copyright infringement with regard to two photos. Plaintiff submitted copies of two photographs as Exhibit A to the Complaint. Plaintiff alleges to own those two photographs and that they are copyright protected at Registration Number VAu 1-089-810. Compl. ¶ 10. A copy of the copyright registration and individual works covered under the copyright registration number was not filed with the Complaint. Plaintiff submitted a copy of an article with the allegedly infringed photographs embedded as Exhibit B to the complaint. The article is dated January 22, 2016. Compl. Ex. B.

### a.  Statute of Limitations

Copyright infringement claims must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). Under the majority view, accrual occurs when "one has knowledge of a violation or is chargeable with such knowledge." *Diversey v. Schmidly*, 738 F. 3d 1196, 1200 (10th Cir. 2013) (quoting *Roley v. New World Pictures*, Ltd., 19 F.3d 479, 481 (9th Cir. 1994)); *see also Home Design Services, Inc. v. B & B Custom Homes, LLC*, 509 F. Supp. 2d 968, 972 (D.

Colo. 2007)("[W]hen a statute of limitations is silent on the matter a claim accrues when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.") In this case, the factual allegations of the Complaint, and the exhibits attached thereto, establish that the article was published January 22, 2016. Plaintiff waited more than three and a half years after that date to file a claim, which is beyond the three-year statute of limitations under 17 U.S.C. § 507(b). As the factual allegations of the Complaint do not present facts capable of showing a timely claim has been filed, Plaintiff has failed to plead a claim upon which relief can be granted.

V. **Conclusion**

For the foregoing reasons, Plaintiff has failed to plead a claim upon which relief can be granted and the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Dated this 8th of November 2019.

RESPECTFULLY SUBMITTED BY:

HOWARD O. BERNSTEIN, P.C.

*s/ Howard O. Bernstein, Esq.*
Howard O. Bernstein, Atty. No. 24476
Amber J. Reed, Atty. No. 39265
Elise M. Aiken, Atty. No. 43831
1111 Pearl Street, Ste. 203
Boulder, Colorado 80302
Telephone: (303) 494-3321
Howard@bernsteinattorney.com
Amber@bernsteinattorney.com
Elise@bernsteinattorney.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that as attorney Richard Liebowitz has been administratively removed from the court's attorney rule and therefore it is not clear whether he can be served electronically, a copy of the foregoing **MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)** was sent via U.S.P.S. First Class Mail to the following on this 8th day of November 2019:

Attorney for Plaintiff:

Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580

/s/ Tonya Phillips