**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:19-cv-02496-WJM-STV

ALEXANDER STROSS, an individual,

        Plaintiff,

v.

PREMIUM SOURCE INC., a Colorado corporation

        Defendant.

---

**DEFENDANT PREMIUM SOURCE INC.'S RENEWED MOTION TO DISMISS THE AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

---

### I.  Introduction

COMES NOW Defendant, Premium Source Inc. ("Premium Source"), and moves to dismiss the Amended Complaint because the claim for relief for copyright infringement is barred by the statute of limitations and for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6).

### II.  Procedural History and Statement Regarding Conferral

There has been an extended process engaged in to try and address the statute of limitations issue presented in this case. Premium Source first filed a Motion to Dismiss [Doc. 15] on that basis on November 8, 2019. On December 2, 2019, Plaintiff filed a barebones Amended Complaint [Doc. 18]. Despite the Amended Complaint being filed outside of the 21 days allowed, the Court

1

accepted it in the interest of judicial economy and dismissed the Motion to Dismiss as Moot [Doc. 19].

The Amended Complaint did not provide sufficient additional factual information to support Plaintiff's claims having been made within the statute of limitations and included false statements regarding Plaintiff's knowledge of other uses and lawsuits regarding the photographs attached as Exhibit A to the Complaint and Amended Complaint. Plaintiff's counsel was promptly made aware of the false statements. Undersigned counsel also provided Plaintiff's counsel a copy of Plaintiff's January 26, 2016 complaint against NBC Universal. Plaintiff elected not to correct the false statements included in the Amended Complaint.

The renewed Motion to Dismiss [Doc. 31] was filed December 11, 2019 but stricken by the court [Doc. 33] for failure to comply with the new rules that went into effect on December 1, 2019. The parties then fully conferred via phone in accordance with the new rule on December 17, 2019. Plaintiff's counsel represented that the Amended Complaint could be amended a second time to address the statute of limitations issue. Plaintiff's counsel would not specifically identify what exact amendments would be made but was adamant that the Amended Complaint would be amended again. In good faith, and in light of the holidays, Defendant agreed to an extended time period for Plaintiff to amend the Amended Complaint, through and including January 3, 2020. Plaintiff failed to amend the Amended Complaint by that date. Defense counsel sent two more emails to Plaintiff's counsel, one on January 4, 2020 and a second on January 7, 2020, regarding a potential amendment and specifically requested that Plaintiff's counsel at least identify the specific facts to be added to the Amended Complaint. Plaintiff's Counsel has still not provided that information or made any attempt to correct the false statements in the Amended Complaint.

On January 20, 2020 a copy of this Motion to Dismiss was provided to Plaintiff's counsel who then asked for another extension of time. In response, undersigned counsel asked again for the facts that Plaintiff intends to add to his pleadings to support that his claim was made within the statute of limitations. Plaintiff's counsel did not respond to that email and as of the date of filing has not provided an additional factual basis to support the claim. Plaintiff has had since November 8, 2019 when Defendant's first Motion to Dismiss based on the statute of limitations was filed to add a factual basis to support his assertion that the claim was timely. More than two months later, Plaintiff still has not done so.

As the original Motion to Dismiss the Complaint was denied as moot without consideration of the merits, and the Amended Complaint presents the same problems as the Complaint did, the statute of limitations question remains unresolved, warranting this Motion and consideration on the merits.

### III. Legal Standard

To survive a motion to dismiss, a plaintiff must allege more than the mere elements of a claim. A pleading offering merely "labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqubal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, a plaintiff must plead "sufficient factual matter…that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In evaluating the sufficiency of a complaint, the Court first must disregard legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* Then, the Court should review the

3

well-pleaded facts of the complaint and determine whether the complaint states a plausible claim for relief or merely the possibility of misconduct. *Id.* at 679.

## IV.   Statement Regarding Conversion to a Motion for Summary Judgment

Pursuant to Practice Standard D(3) of the Practice Standards for Hon. William J. Martínez, Revised and Effective 1 December 2019, Premium Source offers the following statement regarding conversion to a Motion for Summary Judgment. The only documents presented with this motion are documents which have been attached either to the Complaint, Amended Complaint, Answer, or Amended Answer in this matter. Accordingly, no documentation outside the pleadings have been presented for consideration with this Motion.

## V.   Facts and Argument

Plaintiff alleges that Premium Source committed copyright infringement regarding two photos. Plaintiff submitted copies of those photographs as Exhibit A to the Complaint and the Amended Complaint. Plaintiff alleges to own those two photographs and that they are copyright protected at Registration Number VAu 1-089-810. Amended Compl. ¶ 9. A copy of the copyright registration and individual works covered under the copyright registration number was not filed with either the Complaint or the Amended Complaint. Plaintiff submitted a copy of an article with the allegedly infringed photographs embedded as Exhibit B to the Complaint and Amended Complaint. The article is dated January 22, 2016. Amended Compl. Ex. B.

Without providing any factual basis for how and when the alleged infringement was discovered, the Amended Complaint states that it was not discovered until August 28, 2019. Amended Compl. ¶ 12. Plaintiff also states the following: "There were no 'storm warnings' at any

4

relevant times that triggered Plaintiff's duty to look for Defendant's infringement. In other words, Plaintiff was not aware that any other third parties had infringed his Photographs." Amended Compl. ¶ 14.

Copyright infringement claims must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). Under the majority view, accrual occurs when "one has knowledge of a violation or is chargeable with such knowledge." *Diversey v. Schmidly*, 738 F. 3d 1196, 1200 (10th Cir. 2013) (quoting *Roley v. New World Pictures*, Ltd., 19 F.3d 479, 481 (9th Cir. 1994)); *see also Home Design Services, Inc. v. B & B Custom Homes, LLC*, 509 F. Supp. 2d 968, 972 (D. Colo. 2007)("[W]hen a statute of limitations is silent on the matter a claim accrues when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action.")

In this case, the factual allegations of the Amended Complaint, and the exhibits attached thereto, establish that Defendant's article that included the subject photographs was published January 22, 2016. Plaintiff waited more than three and a half years after that date to file a claim, which is beyond the three-year statute of limitations under 17 U.S.C. § 507(b). Plaintiff alleges that he was not aware of the alleged infringement until August 28, 2019 but fails to cite any factual basis to support that claim. He further alleges that there was no way that he would have been on notice to look for potential infringement. That statement is untrue.

On January 26, 2016, Plaintiff Alexander Stross sued NBC Universal Media, LLC ("NBC") for using the same photographs at issue here. Ex. 1, Stross v. NBC Compl. Plaintiff's complaint against NBC (the "NBC Complaint") explains that the tiny house project had gone "viral" on or about May 8, 2015, prompting Plaintiff to receive "dozens of additional requests" to

5

use the photographs. Ex. 1 at 3. Plaintiff alleged in the NBC Complaint that on May 11, 2015, NBC's Today Show aired a segment using the photographs and tweeted a story about the photographs, and that on May 12, 2015 the Today Show published an on-line article using his photographs. Id. At 4. Accordingly, Plaintiff was clearly aware that his photographs had been part of a viral media explosion and was on notice no later than January 26, 2016 when he filed the complaint against NBC that possible infringements may have occurred.

In the Amended Complaint against Premium Source, Plaintiff has simply pled that he discovered the alleged infringement on theRooster.com on August 28, 2019 without providing any facts to support that statement. Amended Compl. ¶ 12. Given the clear evidence that he was aware of possible infringement after the "viral" use of his photographs beginning in May 2015, Plaintiff has not pled a sufficient factual basis to support that he did not find the alleged infringement until August 28, 2019 or that he was not on notice. Accordingly, the factual allegations of the Amended Complaint do not present facts capable of showing a timely claim has been filed, and Plaintiff has failed to plead a claim upon which relief can be granted.

## VI. **Conclusion**

For the foregoing reasons, Plaintiff has failed to plead a claim upon which relief can be granted and the Amended Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Dated this 21th of January 2020.

RESPECTFULLY SUBMITTED BY:
HOWARD O. BERNSTEIN, P.C.

*s/ Elise M. Aiken, Esq.*
Howard O. Bernstein, Atty. No. 24476
Elise M. Aiken, Atty. No. 43831

6

1111 Pearl Street, Ste. 203
Boulder, Colorado 80302
Telephone: (303) 494-3321
Howard@bernsteinattorney.com
Elise@bernsteinattorney.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing **MOTION TO DISMISS** was served to all attorneys of record, listed below, via the CMCF filing system on this 21th day of January 2020:

Attorney for Plaintiff:

Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580

/s/ *Elise M. Aiken*

8