# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02496-WJM-STV

ALEXANDER STROSS, an individual,

      Plaintiff,

v.

PREMIUM SOURCE INC., a Colorado corporation

      Defendant.

---

## DEFENDANT PREMIUM SOURCE INC.'S MOTION FOR SANCTIONS
## PURSUANT TO FED.R.CIV.P. 11

---

Defendant, Premium Source Inc. ("Premium Source"), submits the following Motion for Sanctions Pursuant to Fed.R.Civ.P. 11.

### I. Statement of Rule 11(c)(1) Service and Conferral

Plaintiff's counsel was served a copy of this Motion in accordance with the requirements of Rule 11(c)(1) on May 11, 2020 both via email and certified mail.

Undersigned counsel did not hear from Plaintiff's counsel within 21 days of having served this Motion upon him. Undersigned counsel followed-up with Plaintiff's counsel in good faith via email and then called Plaintiff's counsel to discuss the Motion on June 2, 2020. Parties conferred regarding the Motion at that time. Plaintiff's counsel opposes the relief requested herein.

## II.     Legal Standard

Pursuant to Fed. R. Civ. P. 11(b), for every pleading, motion, or other paper presented to the court, the filing attorney must certify, to the best of that person's knowledge, information, and belief, formed after reasonable inquiry, (1) that the filing is not being presented for any improper purpose, (2) that the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for changing the law, (3) that the factual contentions are warranted on the evidence or will likely have support after further investigation, and (4) that the denials of factual contentions have similar support. Rule 11 imposes an objective reasonableness standard. *Adamson v. Bowen*, 855 F.2d 668, 673 (10th Cir. 1988). A finding of subjective bad faith is not required, and an attorney's subjective good faith belief in the merits of an argument will not suffice to satisfy the objective reasonableness standard. *Scott v. Boeing Co.*, 204 F.R.D. 698, 700 (D. Kan. 2002). "[T]he attorney's belief must be 'in accord with what a reasonable, competent attorney would believe under the circumstances.'" *Id.* (*citing White v. General Motors., Inc.,* 908 F.2d 675, 684 (10th Cir. 1990). When, after notice and an opportunity to respond, a court determines that an attorney has violated Rule 11(b), it has broad discretion to impose Rule 11 sanctions. *See Cooter v. Gell v. Hartmarx Corp.*, 496 U.S. 384, 407 (1990). Where Rule 11 is violated the court may award "part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed.R.Civ.P. 11(c)(4).

## III.    Argument

Plaintiff's counsel has violated the requirements of Rule 11(b)(1), (2), and (3) by (1) filing the Amended Complaint [Doc. 18] and failing to correct it for the improper purposes delaying resolution of the case and to needlessly increasing the cost of litigation, (2) for pursuing a claim past the statute of limitations once he was aware that the statute of limitations had passed, and (3)

by making factual contentions which are not only unsupported, but demonstrably false. Plaintiff's counsel was made aware of the false representations within the Amended Complaint, but after being provided several months to correct the false statements has failed to do so. The Answer to the Amended Complaint was filed December 11, 2019. The Motion to Dismiss the Amended Complaint was filed January 21, 2020. Plaintiff's counsel had more than a month in that time to correct the false statements. Since then, Plaintiff's counsel has had several additional months to address the false allegations. A reasonable, competent attorney in the same circumstances would not have believed it acceptable to continue under an Amended Complaint using false representations to the court, pursue a claim past the statute of limitations, or increase the cost of litigation through gross inaction. All of these behaviors are part of a larger pattern of behavior engaged in by Plaintiff's Counsel, who is an acknowledged copyright troll in New York and are designed to force defendants into a higher settlement rather than continue to incur litigation costs. Accordingly, monetary sanctions are warranted in this case to deter further attorney misconduct.

    a. **Violation of Rule 11(b)(2) and (3)**

Plaintiff's original complaint in this matter was barebones, providing no factual allegations at all to support that the case was filed within the statute of limitations, despite the article in question having been published on January 22, 2016 and the Complaint being filed outside the three year limitations period. Defendant filed a Motion to Dismiss.[1] Thereafter, Plaintiff filed a late amendment to its complaint which was accepted by the court. The court deemed the Motion to Dismiss Moot and did not consider the merits of Defendant's argument.

---

[1] The first Motion to Dismiss was filed prior to the local rules change going into effect.

3

Despite Plaintiff's knowledge of the statute of limitations issue, the Amended Complaint again provided no factual background to support how and when the article was allegedly discovered. Plaintiff states only that the article was discovered on September 28, 2019. After a bare recitation of a factually unsupported date, the Amended Complaint included the following false statements: "There were no 'storm warnings' at any relevant times that triggered Plaintiff's duty to look for Defendant's infringement. In other words, Plaintiff was not aware that any other third parties had infringed his Photographs." Am. Compl. ¶ 14. These statements are provably false as Plaintiff sued third party NBC Universal Media, LLC ("NBC Universal") claiming infringement of the exact photographs at issue here and in that suit, noted that the photographs had gone viral, which created an obvious "storm warning."

Plaintiff's counsel was promptly made aware of the false statements and Plaintiff's complaint against NBC Universal regarding the same photographs. Defendant included that complaint in its Answer to the Amended Complaint and renewed Motion to Dismiss. That case, Stross v. NBC Universal Media, LLC, was filed in the United States District Court for the Western District of Texas, Austin Division, on January 26, 2016, just days after the article Plaintiff cites in this case was published on therooster.com. Plaintiff Alexander Stross sued NBC Universal for alleged infringement of the Photographs appearing at Exhibit A to the Complaint and Amended Complaint. The complaint against NBC Universal explicitly details how the Photographs "went viral," spreading widely throughout the internet and providing the "storm warning" that put Plaintiff on notice of potential infringement.

The renewed Motion to Dismiss was filed December 11, 2019 but stricken by the court for failure to comply with the new rules that went into effect on December 1, 2019. The parties then conferred using the new local rule requirements for motions to dismiss. Plaintiff's counsel

4

represented that the Amended Complaint could be amended a second time to address the statute of limitations issue. Plaintiff's counsel would not provide additional factual information over the phone to support the alleged discovery date or address the false representations in the Amended Complaint but was adamant that the Amended Complaint could and would be corrected. In good faith, and considering the holidays, Defendant agreed to allow Plaintiff a generous amount of time to correct the Amended Complaint, through and including January 3, 2020. Plaintiff failed to do so. Defense counsel sent two more emails to Plaintiff's counsel regarding a potential second amended complaint, and specifically requested that Plaintiff's counsel at least identify its additional factual basis to support the action was brought within the statute of limitations.

To date, Plaintiff's Counsel has neglected to do anything to correct the false representations to the court and continues to maintain an action past the applicable statute of limitations. It is clear from the pleadings that Plaintiff's Counsel had not done his due diligence with Plaintiff to establish the facts as he was not aware that Plaintiff had sued NBC Universal when the Amended Complaint was filed. A reasonable attorney would have reviewed the Amended Complaint with his or her client to ensure accuracy before filing, and then taken immediate action to remedy the demonstratively false statements as soon he or she became aware of them. Plaintiff's Counsel's failure to address the false representations have resulted in Defense Counsel having to incur additional costs including time spent contacting Plaintiff's Counsel to confer about the false representations, filing an Answer to an erroneous Amended Complaint, filing a motion to dismiss, and filing the current motion for sanctions.

    b. **Violations of Rule 11(b)(1)**

Plaintiff's Counsel has allowed this matter to continue on an operative pleading that makes false representations to the court and has repeatedly failed to provide Defense counsel with a

5

reasonable basis to establish that the claim is within the statute of limitations. These actions have unreasonably prolonged litigation to delay resolution and drive up costs.

Defense counsel has given Plaintiff's Counsel multiple opportunities to address the false representations and provide a factual context that would support the claim having been filed within the statute of limitations. Plaintiff's Counsel has declined to do so for months. A reasonable attorney similarly situated would have taken swift action to correct the statements in the Amended Complaint and support that the statute of limitations had not passed. Plaintiff's Counsel has provided no documents of any kind to support when the alleged infringement was discovered or that it was not possible to discover the infringement within three years of the allegedly infringing article being posted during what Plaintiff himself has described as viral explosion of the photographs in question. It appears from the context that Plaintiff's Counsel has deliberately ignored the issues in order to prolong this matter and drive up costs for Defendant.

The events in this case are exacerbated by the extreme pattern of questionable litigation tactics displayed by Plaintiff's Counsel. As a noted high-volume copyright litigator, Richard Liebowitz has a history of filing a high volume of cases, which are poorly supported, with the goal of reaching a quick settlement. Indeed, in an October 26, 2018 order issued by U.S. District Court Judge Denise Cote, no. 17-cv-09230 in the Southern District of New York, she states that Mr. Liebowitz's litigation style "fits squarely within the definition of a copyright troll." Ex. A, Cote Oct. 26, 2018 Order at 9. In so doing, Judge Cote noted that "[a] Number of Mr. Liebowitz's cases have been dismissed from the bench as frivolous," and that "[m]ultiple courts, on their own initiative, have ordered Mr. Liebowitz to show case why he should not be required to post security for costs as a condition of proceeding further with an action." Id. at 6, 7.

Plaintiff's Counsel's pattern of questionable litigation tactics has been continued in this case. He has been alerted to the demonstrably false statements in the complaint and that this matter is past the statute of limitations but has acted to prolong litigation and delay resolution. A reasonable attorney in his position would not have used the strategies employed here and Plaintiff's Counsel fails to meet the objectively reasonable standard. For these reasons, monetary sanctions against Plaintiff's Counsel, including attorney's fees and costs, are just and reasonable to discourage continued attorney misconduct.

## IV.   Conclusion

In this case, Plaintiff's Counsel has violated Fed. R. Civ. P. 11(b)(1), (2), and (3) by presenting the Amended Complaint for the improper purpose of prolonging litigation, pursuing a claim past the statute of limitations, and making false representations to the court. Defendant requests that the court award sanctions, including attorney's fees and costs incurred contacting Plaintiff's Counsel to confer about the false representations, filing an Answer to an erroneous Amended Complaint, filing a Motion to Dismiss the Amended Complaint, and filing the current motion for sanctions, as well as any other sanction deemed just and reasonable by the court.

Dated this 11th of June 2020.

RESPECTFULLY SUBMITTED BY:
HOWARD O. BERNSTEIN, P.C.

*s/ Elise M. Aiken, Esq.*
Howard O. Bernstein, Atty. No. 24476
Elise M. Aiken, Atty. No. 43831
1111 Pearl Street, Ste. 203
Boulder, Colorado 80302
Telephone: (303) 494-3321
Howard@bernsteinattorney.com
Elise@bernsteinattorney.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing **DEFENDANT PREMIUM SOURCE INC.'S MOTION FOR SANCTIONS PURSUANT TO FED.R.CIV.PRO. 11** was served to all attorneys of record, listed below, via email and certified mail on the 11th of May 2020. I further certify that the foregoing has been served again via email to undersigned counsel on this 11th day of June 2020.

Attorney for Plaintiff:

Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
RL@liebowitzlawfirm.com

/s/ *Elise M. Aiken*