IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02496-WJM-STV

ALEXANDER STROSS, an individual,

    Plaintiff,

v.

PREMIUM SOURCE INC., a Colorado corporation

    Defendant.

**DEFENDANT PREMIUM SOURCE INC.'S MOTION TO ENFORCE
THE PARTIES' SETTLEMENT AGREEMENT**

### I. Introduction

COMES NOW Defendant, Premium Source Inc. ("Premium Source"), and moves to enforce the settlement agreement reached between Plaintiff Alexander Stross and Premium Source and in support thereof, states as follows:

### II. Statement Regarding Conferral

The Parties have conferred regarding this Motion and undersigned counsel represents that the Plaintiff opposes the relief requested herein.

### III. Legal Standard

"A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th

1

Cir. 2004) (quoting *United States v. Hardage,* 982 F.2d 1491, 1496 (10th Cir. 1993)). "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law." *Id*. (quoting *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000)). "[A]n attorney of record is presumed to have authority to compromise and settle litigation of his client." *Thomas g. Colo. Trust Deed Funds, Inc.*, 366 F.2d 136, 139 (10th Cir. 1966).

"A settlement is a contract to end judicial proceedings," and the existence of a settlement agreement "is generally a question of fact." *DiFrancesco v. Particle Interconnect Corp.*, 39 P.3d 1243, 1248 (Colo. App. 2001) (citations omitted). Under Colorado Law, "[a] writing is not necessary to create a binding settlement agreement." *Id.* A verbal agreement is not rendered invalid by the parties contemplating preparing a written agreement or agreeing "to stay proceedings rather than immediately dismiss them." *Id.*

If a client believes settlement has been reached "without authority, the client must either timely repudiate the settlement and proceed with the lawsuit or ratify the settlement as an acceptable bargain." *Siener v. Zeff*, 194 P.3d 467, 471 (Colo. App. 2008) (quotation omitted).

## IV.    Facts

The following facts detail the settlement timeline and the agreement of the parties to settle:

1. The original Complaint in this matter was filed August 8, 2019, and service was made on Premium Source on October 19, 2019.

2. In December 2019, counsel for the Parties conferred regarding potential settlement and Premium Source offered to settle for the statutory amount of $750.00 per photograph for the two photographs upon which Plaintiff's Complaint was based.

3. On April 23, 2020 Premium Source served a Rule 68 offer in the total amount of $1,501.00 on Plaintiff. Ex. 1, Rule 68 Offer.

4. On June 2, 2020 counsel for the Parties conferred again regarding potential settlement. During that call, Plaintiff's attorney Richard Liebowitz represented that he was authorized to settle the matter for $1,500.00. Counsel for Premium Source Elise Aiken stated that she would check and see if her client was still willing to settle for that amount.

5. On June 2, 2020, Premium Source's counsel emailed attorney Richard Liebowitz to confirm that her client was still willing to settle for that amount. Ex. 2, Aiken June 2, 2020 Email. In that same email, counsel conveyed that her client would be willing to forgo filing the proposed Rule 11 Motion for Sanctions, which was originally served on Plaintiff on May 11, 2020, if the parties could resolve the matter within the week.

6. On June 3, 2020, Liebowitz was found to be ineligible to practice before the court. [Doc. 37].

7. Also on June 3, 2020, Liebowitz provided a draft settlement agreement to Premium Source. Ex. 3, Liebowitz June 3 Email.

8. In an abundance of caution, Premium Source did not sign and return the settlement agreement, instead electing to see whether the court would reinstate Liebowitz first.

9. On June 7, 2020, Liebowitz emailed counsel for Premium Source stating he was following up on the settlement, and "[m]y client accepted your offer to settle for $1,500.00." Ex. 4, Liebowitz June 7 Email.

3

10. Counsel for Premium Source again stated concern over his inability to practice before the court. Ex. 5, Aiken June 8 Email.

11. On June 11, 2020, after the settlement agreement was reached, Premium Source filed its Rule 11 Motion for Sanctions against attorney Liebowitz.

12. On June 11, 2020, Liebowitz confirmed via email that there was an enforceable settlement agreement. He also stated again that Stross accepted the settlement and added that he had discussed the settlement with Stross who was willing to sign the stipulation for dismissal as a pro se party. Ex. 6, Liebowitz June 11 Email.

13. Liebowitz withdrew as counsel for Plaintiff on June 18, 2020. [Doc. 45].

14. Craig Sanders entered his appearance on behalf of Plaintiff on June 18, 2020. Court [Doc. 44].

15. On June 28, 2020 Sanders sent a proposed settlement agreement for review to counsel for Premium Source. Ex. 7, Sanders June 28 and July 1 Emails.

16. On July 1, 2020, Saunders stated, "I have authority to agree to the $1,500.00 offer," confirming again that Plaintiff was willing to settle for that amount. Ex. 7.

17. The Notice of Settlement was filed with the court on July 2, 2020. [Doc. 48]

18. Thereafter, Premium Source signed and returned the settlement agreement to Saunders. Ex. 8, Aiken July 13 Email; Ex. 9, Executed Settlement Agreement.

19. On August 18, 2020, a third attorney, Joel Rothman, entered an appearance on behalf of Plaintiff and Saunders was removed as counsel. [Doc. 58]

## V. <u>Argument</u>

In this case, Plaintiff alleges that Premium Source committed copyright infringement regarding two photos. Defendant has consistently offered to settle that claim for $1,500.00, which represents the statutory amount of $750.00 per photograph. Plaintiff has had not one, but two different attorneys authorize settlement at that amount in this case. Those attorneys had express or implied authority to settle this matter. They both entered formal appearances on Plaintiff's behalf, filed documents with the court, and fully participated in the litigation process as agents of the Plaintiff. Through counsel, the Parties filed Notice of Settlement with the court on July 2, 2020, providing definitive written consideration for the settlement. The settlement agreement meets all the requirements of a contract under Colorado law and should be enforced.

Additionally, Plaintiff himself ratified the Settlement as an acceptable bargain by failing to repudiate it. Plaintiff has not taken action to repudiate the settlement despite the fact it was agreed to first on June 2, 2020, and again multiple times over the next month as counsel for Plaintiff changed. Plaintiff similarly has not sought to withdraw the July 2, 2020 Notice of Settlement or filed anything stating the settlement was entered into without his knowledge or consent. In Colorado, "the law presumes whatever reasonable diligence would disclose. A litigant will not be heard to say he was ignorant of facts which it was his interest to know, and which, if awake, he would have known." *Gordon v. Pettingill*, 96 P.2d 416, 418 (Colo. 1939). Counsel for Plaintiff confirmed settling this case at $1,500.00 on June 2, 2020. The settlement was then confirmed with his second attorney, and a formal Notice of Settlement was filed July 2, 2020. Plaintiff cannot be heard now to claim that he was without any knowledge of the settlement where it was his interest

to know and if he had been awake, he would have known. Accordingly, the Settlement for $1,500.00 should be enforced.

**a. Settlement Agreement**

In Colorado, a settlement agreement, like any contract, requires an offer, acceptance, and consideration. Premium Source offered to settle all claims for $1,500.00 and Plaintiff accepted that offer. In consideration of the agreement, a Notice of Settlement was filed with the court on July 2, 2020. As part of the Notice of Settlement, the Parties agreed to suspend litigation, with Defendant specifically agreeing to suspend any ruling on the Motion to Dismiss which had been ripe and pending before the court since February 11, 2020.[1]

Over a month and a half after the Notice of Settlement was filed, and two and a half months after Plaintiff's then counsel confirmed in writing that the settlement had been reached, on August 19, 2020 Plaintiff's current counsel suggested for the first time that Plaintiff did not accept the offer of $1,500.00. However, there is nothing in the record to support that.

Premium Source's offer to settle for $1,500.00 has been consistent throughout this case. The settlement amount was first offered verbally to Plaintiff's counsel in December 2019. A formal Rule 68 offer to settle for $1,501.00 was made on April 23, 2020. A little over a month later, Plaintiff's then counsel Liebowitz accepted the offer on June 2, 2020 representing that he had authority to do so and affirmed his authority to accept the settlement several times thereafter. After the settlement had been accepted, Liebowitz was found to be unable to practice before the court. Counsel for Premium Source had no idea Liebowitz had been disbarred in another jurisdiction and

---

[1] Defendant notes that as part of the Notice of Settlement, it did not agree to suspend the Rule 11 Motion then pending before the court as that motion addressed misconduct by Plaintiff's former counsel Liebowitz and was not related to the settlement or resolution of Plaintiff's claims in any way.

6

was surprised when the court issued an order finding him ineligible to practice. In an abundance of caution, and despite having reached an agreement, Premium Source sought to confirm the settlement with Plaintiff's new counsel, Craig Sanders, before moving forward on it.

Sanders specifically confirmed the settlement of $1,500.00 on July 1, 2020, unambiguously stating, "I have authority to agree to the $1,500.00 offer." Ex. 7. The record provides support that Sanders had express or implied authority to make that representation and Defendant relied on it. The Parties agreed to both the Notice of Settlement filed with the court on July 2, 2020 and on boiler plate settlement terms to support the agreement. Ex. 9. Defendant executed the written agreement and returned it to Plaintiff's counsel in good faith.

All the facts herein show that the Parties reached a valid and enforceable settlement agreement. It is within the court's discretion to enforce the agreement and the agreement should be enforced.[2]

### b. Plaintiff's Ratification of the Settlement

Even if the court determines that Plaintiff's previous counsel did not have express authority to enter into the settlement, Plaintiff failed to take reasonable action to repudiate the agreement, and thereby, ratified it.

The settlement was originally entered into on June 2, 2020 with Plaintiff's original counsel, Richard Liebowitz. The settlement was reaffirmed with Plaintiff's second attorney, Craig Saunders, on July 1, 2020. The formal Notice of Settlement was filed with the court on July 2, 2020, unequivocally affirming to the court that the Parties had indeed reached a settlement

---

[2] Premium Source would further note that the settlement amount was reasonable as there are two photographs at issue in the case, discovery showed that Premium Source did not make money from the use of those photographs, the licensing fee applicable to the photographs has not been shown to exceed $750.00 per photo, and Premium Source offered to pay the statutory amount of $750.00 per photograph despite not having made any money through the use of the photographs.

7

agreement. A reasonable person in Plaintiff's position, even if at odds with his or her counsel, had reason to investigate the settlement no later than July 2, 2020, when the Notice of Settlement was filed. Indeed, reasonable diligence would have led Plaintiff to investigate the status of his case on or around the time the settlement was reached since discovery had closed in May and the dispositive motions deadline passed in June. A party cannot sit idly by and claim to know nothing of his or her case. *See Gordon v. Pettingill*, 96 P.2d 416, 418 (Colo. 1939).

From the date the settlement was initially entered on June 2, 2020 until the Joint Status Report filed on September 21, 2020 [Doc. 65] Plaintiff did nothing to repudiate the settlement agreement with the court. Plaintiff has also not withdrawn the Notice of Settlement or sought to rescind it, even after having a third attorney enter an appearance on his behalf. Plaintiff's current attorney, Joel Rothman, entered his appearance on August 18, 2020. On August 19, 2020, Premium Source's counsel agreed to allow a thirty (30) day extension to file dismissal papers to allow Rothman time to get up to speed. Rothman also requested that Premium Source consider increasing the settlement amount. Premium Source was presented with that request, which was declined. That Plaintiff now wants to settle for a higher amount than that originally agreed upon is not a basis for finding the settlement unenforceable.

Under the circumstances, Plaintiff ratified the settlement agreement even if he argues counsel was not authorized to settle on his behalf. *See 358 Liberation LLC v. Country Mut. Ins. Co.*, 2018 U.S. Dist. LEXIS 33794, 8-9 (D. Colo., March 1, 2018) (holding that Plaintiff's failure to exercise reasonable diligence resulted in ratification of the settlement). There is no evidence in the record to support that Plaintiff was unaware of the settlement. Given the amount of time elapsed between the initial settlement, the Notice of Settlement, and the entry of appearance filed by his third

8

attorney, a reasonably diligent litigant would have taken some action. Plaintiff chose not to and that choice ratified the settlement agreement as binding and enforceable.

### IV.   Conclusion

For the foregoing reasons, the Parties entered into an enforceable settlement agreement. Premium Source requests that the court enforce the Parties' agreement. In the alternative, Premium Source requests that its January 21, 2020 Motion to Dismiss be reinstated and the court rule on the merits of that Motion which was fully briefed on February 11, 2020.

Dated this 16th October 2020.

RESPECTFULLY SUBMITTED BY:
HOWARD O. BERNSTEIN, P.C.

*s/ Howard O. Bernstein, Esq.*
Howard O. Bernstein, Atty. No. 24476
Elise M. Aiken, Atty. No. 43831
1111 Pearl Street, Ste. 203
Boulder, Colorado 80302
Telephone: (303) 494-3321
Howard@bernsteinattorney.com
Elise@bernsteinattorney.com

9

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing **DEFENDANT PREMIUM SOURCE INC.'S MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT** was served to all attorneys of record, listed below, via the CMCF filing system on this 16th day of October 2020:

Attorney for Plaintiff:

Joel Rothman
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
(561) 404-4350
joel@sriplaw.com

/s/ Tonya Phillips