IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02496-WJM-STV

ALEXANDER STROSS, an individual,

       Plaintiff,

v.

PREMIUM SOURCE INC., a Colorado corporation

       Defendant.

**DEFENDANT PREMIUM SOURCE INC.'S REPLY TO THE MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT**

Defendant Premium Source Inc. ("Premium Source") files the following Reply addressing Plaintiff Alexander Stross's Response to the Motion to Enforce the Parties Settlement Agreement (the "Motion").

### I.   Argument

Plaintiff makes two arguments in his Response: (1) that his attorneys were not authorized to settle his case, and (2) that he timely repudiated the settlement agreement once it was entered into. Neither argument is compelling. Plaintiff has had three separate attorneys in this lawsuit, two of whom expressly stated that they had authority and approval for the $1,500.00 settlement (the "Settlement") reached between the parties. Plaintiff has not provided compelling evidence to show that neither Richard Liebowitz nor Craig Sanders had express or implied authority to act on his behalf.

1

Plaintiff has not provided credible evidence to support he timely repudiated the Settlement either. He claims he did not learn of the Settlement until July 20, 2020 when Liebowitz allegedly emailed him the Settlement Agreement, however he has not provided a copy of any such email to the court. Plaintiff also fails to address Liebowitz's June 11, 2020 email and Sanders's June 28 and July 1, 2020 emails, which were attached to the Motion, expressly stating that Plaintiff approved the Settlement. Plaintiff's Response relies on a thin declaration without significant documentation to support it.

### a.   Implied or Express Authority to Settle

Nothing before the court supports Stross's contention that his previous two attorneys were not authorized to act on his behalf.

Plaintiff argues that there is no presumption of an attorney's authority to settle claims in Colorado. Plaintiff cites *358 Liberation LLC v. Country Mutual Insurance Company* to support that statement, but the court did not make that finding. To the contrary, the court found "in this Circuit, a presumption exists 'that an attorney has express authority to settle unless there is evidence to the contrary in the record.'" *358 Liberation LLC v. Country Mut. Ins. Co.*, 2018 U.S. Dist. LEXIS 33794, *2, 2018 WL 1101671 (citing *Shoels v. Klebold,* 375 F. 3d 1054, 1060 (10th Cir. 2004)). That presumption is controlling in this case. Plaintiff's Response does not cite controlling law, rather it references a discussion the court includes in a footnote.[1] The dicta included in the *358 Liberation* court's footnote is not controlling law.

---

[1] In the footnote, the court states the following: "The Court sets forth the preceding commentary so that, should this matter find itself in the incoming mail of the Tenth Circuit, the Circuit can hopefully provide some guidance as to whether a presumption—that an attorney has authority to settle a client's claims—exists under Colorado law, and, if so, how easy or not it is to overcome such a presumption. *358 Liberation LLC* at *6.

Plaintiff relies on a single alleged email he claims he sent to Sanders (Exhibit 3 to Stross Declaration) to support his claim his attorneys were not authorized to act on his behalf. That alleged email is not credible evidence that Liebowitz and Sanders were not authorized to represent him. The email does not include a header, and, therefore, fails to establish when it was sent, who sent it, and who it was sent to. The alleged email also does not address whether Plaintiff spoke to Liebowitz at any point after February 11, 2020, or otherwise communicated with him and Sanders regarding the Settlement. Both Liebowitz and Sanders's emails to undersigned indicate that they were, in fact, in communication with Plaintiff and had his approval to settle the claims. Those emails were attached to the Motion, but Plaintiff's Response fails to address them.

Plaintiff also does not address why he failed to actively monitor his own case if his attorneys did not have express or implied authority to represent him. The alleged email presented at Exhibit 3 to Plaintiff's declaration states that he instructed Liebowitz to stop representing him as of February 11, 2020. Yet, Plaintiff did nothing to remove Liebowitz from the case or engage new counsel to enter an appearance on his behalf.[2] . Plaintiff is a frequent litigant with knowledge of the court system and his email to Sanders indicates that he was able to monitor his case on PACER. Despite his experience and access to his case, between February and August Plaintiff took no action whatsoever. Sanders entered his appearance on June 18, 2020 and the Notice of

---

[2] Plaintiff, just like any litigant, had a duty to monitor and participate in his own case. Given the allegations in his declaration against Liebowitz, it was patently unreasonable for Plaintiff to do nothing in his case between February 2020 and August 2020. Plaintiff's declaration also specifically states that he believes the Complaint should have included seven total photographs, but again, Plaintiff did nothing to address that. There is no excuse for Plaintiff's inaction to address either any perceived deficiencies in the Complaint, to remove Liebowitz if he was not authorized to represent Plaintiff, or to repudiate the settlement.

3

Settlement was filed July 2, 2020. Plaintiff filed no objection to either with the court. Plaintiff cannot now claim ignorance of his case and allege that he did not authorize action on his behalf.[3]

### b.     Repudiation

Plaintiff's argument that he discovered the Settlement Agreement on July 20, 2020 and that he timely repudiated it is not credible. Plaintiff had ample notice of the Settlement and the plain facts show his repudiation was not timely. Plaintiff's failure to participate in his case was a choice which ratifies the Settlement even if the court finds his attorneys lack authorization.

First, it is not credible that Plaintiff only became aware of the Settlement Agreement on July 20, 2020. Premium Source attached several emails between its counsel and Plaintiff's counsel to the Motion. Exhibit 6, Liebowitz's June 11, 2020 email, and Exhibit 7, Sanders's June 28 and July 1, 2020 emails, establish that Liebowitz and Sanders had communicated the Settlement to Plaintiff prior to July 20, 2020. Plaintiff has not addressed those emails in the Response or his declaration to rebut the statements therein. Plaintiff has also failed to provide evidence of when he received the Settlement Agreement. He failed to provide the email to which it was attached or the email he alleges at Paragraph 14 of his declaration to have sent to Liebowitz in response.

Further, as noted previously, Plaintiff's email to Sanders establishes he had access to his case via PACER. Sanders entered his appearance in this matter on June 18, 2020 and the Notice of Settlement was filed July 2, 2020. Plaintiff took no action in response to either. It is notable that Plaintiff's Response completely ignores the Notice of Settlement and does not address that he had constructive notice of the Settlement no later than July 2, 2020. Plaintiff's declaration alleges that

---

[3] This is especially true as Plaintiff is a frequent litigant. As established in his declaration, he has used reverse image search services for years to search for potential infringements and initiate legal action, and Plaintiff has been part of a large number of lawsuits as a result.

he did not know about anything that was occurring with his case because Liebowitz did not tell him; this is no excuse. As noted in the Motion, "[a] litigant will not be heard to say he was ignorant of facts which it was his interest to know, and which, if awake, he would have known." *Gordon v. Pettingill*, 96 P.2d 416, 418 (Colo. 1939). Plaintiff had an interest to know what was occurring in this case and cannot be heard to say he was ignorant of Liebowitz's continued representation, Sander's representation beginning June 18, 2020, or the Notice of Settlement filed July 2, 2020.

Even assuming, arguendo, that Plaintiff had no knowledge of the Settlement before July 20, 2020, he still failed to timely repudiate it. A reasonable litigant in Plaintiff's position would have taken immediate action to address the Settlement. Waiting a month for his current counsel to enter an appearance, and then filing nothing with the court to strike or withdraw the Notice of Settlement, is not reasonable under the circumstances. Indeed, in *358 Liberation LLC v. Country Mut. Ins. Co.*, the court specifically found that waiting nearly a month to do anything regarding a settlement was a ratification and grounds for enforcing it. 2018 U.S. Dist. LEXIS 33794, 8-9 (D. Colo., March 1, 2018). In this case, if the court believes Plaintiff only discovered the settlement on July 20, 2020, then approximately a month is the *least* amount of time it took Plaintiff to repudiate. Doing nothing during that period of time was a choice by Plaintiff which ratified the Settlement.

Plaintiff had a clear interest to know several key facts herein and if he had been awake he would have known them. Counsel for Plaintiff first confirmed settling this case for $1,500.00 on June 2, 2020. The Settlement was then confirmed with his second attorney Sanders, who entered an appearance on June 18, 2020, and a formal Notice of Settlement was filed July 2, 2020. Plaintiff

cannot be heard now to claim that he was without any knowledge of his case. The Settlement is enforceable and Plaintiff's own failure to act was a choice which ratified it conclusively.

## IV.    Conclusion

Plaintiff's Response fails to establish either that his attorneys did not have implied or express authority to settle this case or that the Settlement was timely repudiated. Premium Source requests that the court enforce the Settlement as detailed in the Motion.

Dated this 10th November 2020.

                                        RESPECTFULLY SUBMITTED BY:
                                        HOWARD O. BERNSTEIN, P.C.

*s/ Howard O. Bernstein, Esq.*
Howard O. Bernstein, Atty. No. 24476
Elise M. Aiken, Atty. No. 43831
1111 Pearl Street, Ste. 203
Boulder, Colorado 80302
Telephone: (303) 494-3321
Howard@bernsteinattorney.com
Elise@bernsteinattorney.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a copy of the foregoing **DEFENDANT PREMIUM SOURCE INC.'S REPLY TO THE MOTION TO ENFORCE THE PARTIES' SETTLEMENT AGREEMENT** was served to all attorneys of record, listed below, via the CMCF filing system on this 11th day of November 2020:

Attorney for Plaintiff:

Joel Rothman
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
(561) 404-4350
joel@sriplaw.com

/s/    *Tonya Phillips*