IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02496-WJM-STV

ALEXANDER STROSS, an individual,

        Plaintiff,

v.

PREMIUM SOURCE INC., a Colorado corporation

        Defendant.

---

**DEFENDANT PREMIUM SOURCE INC.'S RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM OF LAW FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

Defendant Premium Source Inc. ("Premium Source") files the following Response to Plaintiff Alexander Stross's Motion and Memorandum of Law for Leave to File Second Amended Complaint (the "Motion").

## I. Legal Standard

"After a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause of seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (*citing Pumpco, Inc. v. Schenker Int'l, Inc.,* 204 F.R.D. 667, 668 (D. Colo 2001)). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. Pro.

1

16(b)(4). To show "good cause" a movant must demonstrate inability to meet scheduling deadlines despite diligent efforts. *Gorsuch,* 771 F.3d at 1240 (*quoting Pumpco,* 204 F.R.D. at 668).

Rule 15(a)(2) allows the court to permit amendment "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, where the moving party fails to show good cause for modifying the scheduling order, the court need not address whether amendment is appropriate under Rule 15(a). *Sandy v. Baca Grande Prop. Owners Ass'n*, No. 18-cv-02572-RM-KMT, 2019 U.S. Dist. LEXIS 226605, at 6-7 (D. Colo. Oct. 21, 2019).

## II. Argument

Under the December 10, 2019 Scheduling Order [Doc. 29] pleadings had to be amended prior to January 31, 2020. Plaintiff fails to present "good cause" why the Scheduling Order should now, nearly eleven months after the amendment deadline, be modified to allow a second amended complaint. Plaintiff has not shown diligence litigating this matter and the law and facts do not support modifying the scheduling order.

### a. No "good cause" exists for modifying the scheduling order.

The closest the Motion comes to making an argument is to say that Plaintiff "did not review the complaint before it was filed and only obtained a copy recently." Setting aside Plaintiff's general negligence participating in this case, he has failed to act with diligence to seek a second amendment that would warrant modifying the Scheduling Order. First, Plaintiff's current counsel entered his appearance in this matter on August 18, 2020, yet it took until November for Plaintiff to seek modification of the scheduling order to allow filing a second amended complaint. Plaintiff's Motion offers no explanation for the delay. Further, Plaintiff's own emails show he

2

should have been aware of the Complaint and Amended Complaint by at least at or around February 11, 2020. Plaintiff provided a declaration to the court with several attachments in his Response to the Motion to Enforce Settlement [Doc. 70, Attachment 1]. Exhibits 3 and 4 to that Declaration are alleged emails from Plaintiff in which he states that he instructed his former attorney Richard Liebowitz to stop working on this case on February 11, 2020. Those same emails state that he requested all documents filed in the case from Mr. Liebowitz on February 11, 2020. If Plaintiff failed to obtain copies of those documents until after August 18, 2020, it was through his own negligence failing to actively monitor and participate in his case.

As noted in the Motion to Enforce Settlement, "[a] litigant will not be heard to say he was ignorant of facts which it was his interest to know, and which, if awake, he would have known." *Gordon v. Pettingill*, 96 P.2d 416, 418 (Colo. 1939). By his own admission, Plaintiff is a frequent litigant. He has represented to the court that he uses reverse image search technology through Pixsy, Image Rights, and other companies, to pursue infringement cases. [Doc. 70, Attachment 1 at ¶8]. Plaintiff is well acquainted with the litigation process and there is no excuse for his complete lack of diligence seeking modification of the Scheduling Order. Plaintiff's lack of diligence has already cost Defendant a great deal of time and money to defend and he should not now be permitted to file an untimely second amended complaint.

      **b.**     **Amendment is not appropriate under Rule 15(a).**

As Plaintiff has failed to show "good cause" for modifying the Scheduling Order, there is no need to address whether amendment is appropriate under Rule 15(a). However, even were the court to consider it, amendment is not appropriate herein. Rule 15(a) provides that leave to amend should "be freely given when justice so requires." However, when evaluating whether to give

3

leave, the court must consider whether there has been undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility. *See Forman v. Davis*, 317 U.S. 178, 182 (1962).

In this matter, there has been clear undue delay, bad faith, and the failure to cure deficiencies in the previously allowed amendment. A delay is undue when there is no adequate explanation for it or the party seeking amendment knew or should have known of the facts upon which the proposed amendment is based but failed to include them in the complaint. *Gregoire v. AMCO Ins. Co.,* No. 16-cv-03067-PAB-MEH, 2017 U.S. Dist. LEXIS 94769, at 7 (D. Colo. June 20, 2017) (*citations omitted*). Plaintiff has not provided adequate explanation for the delay and his request is based wholly on information he possessed before the lawsuit was filed in August 2019. Accordingly, there is clear undue delay in this instance. Plaintiff also already had the opportunity to correct any deficiencies in the Amended Complaint [Doc. 18] and failed to do so. Finally, the parties have engaged in settlement negotiations in this matter for a year based on the allegations in the Complaint and Amended Complaint, and a settlement was in fact reached. Plaintiff's request to amend now is a bad faith attempt to avoid enforcement of the settlement. Considering the totality of the circumstances, amendment is not appropriate under Rule 15(a) and should be denied.

### IV.   Conclusion

Plaintiff has failed to establish "good cause" for modifying the Scheduling Order under Fed. R. Civ. P. 16(b)(4) to allow amending pleadings. Further, under the circumstances herein, amendment is not appropriate under Fed. R. Civ. P. 15(a). For the foregoing reasons, Plaintiff's request for leave to file a second amended complaint should be denied.

Dated this 9th December 2020.

                                                  RESPECTFULLY SUBMITTED BY:
                                                  HOWARD O. BERNSTEIN, P.C.

                                                  *s/ Howard O. Bernstein, Esq.*
                                                  Howard O. Bernstein, Atty. No. 24476
                                                  Elise M. Aiken, Atty. No. 43831
                                                  1111 Pearl Street, Ste. 203
                                                  Boulder, Colorado 80302
                                                  Telephone: (303) 494-3321
                                                  Howard@bernsteinattorney.com
                                                  Elise@bernsteinattorney.com

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that a copy of the foregoing **DEFENDANT PREMIUM SOURCE INC.'S RESPONSE TO PLAINTIFF'S MOTION AND MEMORANDUM OF LAW FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** was served to all attorneys of record, listed below, via the CMCF filing system on this 9th day of December 2020:

Attorney for Plaintiff:

Joel Rothman
21301 Powerline Road, Suite 100
Boca Raton, Florida 33433
(561) 404-4350
joel@sriplaw.com

/s/  *Tonya Phillips*

6