IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-02496-WJM-STV

ALEXANDER STROSS,

      Plaintiff,

v.

PREMIUM SOURCE INC.,

      Defendant.

_____

**MINUTE ORDER**
_____

Entered By Magistrate Judge Scott T. Varholak

      Pursuant to the Order granting the parties' Motion for Referral to Magistrate Judge for Mediation [#80],

      IT IS ORDERED that a Settlement Conference is set for **July 26, 2021, at 9:00 a.m.,** in Courtroom A-402, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado 80294.  Please remember that anyone seeking entry into the Alfred A. Arraj United States Courthouse will be required to show valid photo identification. See D.C.COLO.LCivR 83.2(b).

      IT IS FURTHER ORDERED that counsel **shall have parties present at the Settlement Conference** who shall have **full authority** to negotiate all terms and demands presented by the case, and **full authority** to enter into a settlement agreement.  **Full authority** means that the person who attends the Settlement Conference has the complete and unfettered capacity and authority to meet or pay all terms or amounts which are demanded or sought by the other side of the case without consulting with some other person, committee, or agency.  If any person has limits upon the extent or amount within which he or she is authorized to settle on behalf of a party, that person does not have **full authority**.  This requirement is not satisfied by the presence of counsel alone.  To the extent a party will rely upon insurance coverage, a representative of the insurance company must be present.

      No person is ever required to settle a case on any particular terms or amounts. However, if any person attends the settlement conference without full authority, or if a party or insurance representative fails to attend the settlement conference without prior Court approval, and the case fails to settle, that party may be ordered to pay the attorney's fees and costs for the other side.  Furthermore, if prior to the conference, one

or both parties believe that the matter may not be ripe for negotiations, the parties may contact Chambers to reschedule the conference to a more appropriate time.

Counsel shall prepare and submit **two** settlement documents: one to be submitted to the other party (the "Exchanged Statement"), and the other to be submitted **only** to the Magistrate Judge (the "Confidential Statement").

The Exchanged Statement shall contain an overview of the case from the presenter's point of view, shall summarize the evidence which supports that party's claims and/or defenses, and may present a demand or offer.  The Exchanged Statements should attempt to persuade opposing clients and counsel.  The Exchanged Statements should be e-mailed to counsel of record for the opposing party and to the Court (Varholak_Chambers@cod.uscourts.gov) on or before **July 12, 2021**.

The Confidential Statement **must include** discussion of both the strengths and the weaknesses of each Party's position; a summary of all steps taken to date to resolve the matter; and any nonlegal considerations that play a significant role in a Party's evaluation of the case.  **In addition, each Confidential Statement must contain a specific offer of compromise, including the dollar amount or range each client will accept or pay in settlement and any essential noneconomic terms.**  The Confidential Statements should be e-mailed to the Court (Varholak_Chambers@cod.uscourts.gov) on or before **July 19, 2021**.

Both settlement documents shall be subject to the confidentiality requirements of D.C.COLO.LCivR 16.6(e).  Failure to submit either of the settlement documents on time may result in the Settlement Conference being vacated.

DATED:  June 28, 2021                                    BY THE COURT:

                                                         s/Scott T. Varholak
                                                         United States Magistrate Judge